SCHEB, Acting Chief Judge.
The state challenges the trial court’s downward departure from the recommended guidelines sentence. The defendant responds that the departure was upward rather than downward and cross-appeals contending that the court’s written sentence did not conform to its oral pronouncement. We vacate the sentence and remand for resentencing.
The state charged the defendant with one count of racketeering, eleven counts of armed robbery, and two counts of attempted robbery for acts committed in August and September 1986. At the time of these offenses the defendant was under community control, having been released from prison for armed robbery and attempted armed robbery committed in 1985. He pled guilty to all charges. Defendant’s sentencing guidelines scoresheet showed a total of 1,102 points; a score of 507 calls for a life sentence. The trial judge orally sentenced defendant to forty years’ imprisonment for the 1986 crimes, and ten years for the 1985 crimes, to be served concurrently. He gave as his sole reason for departure “the youthfulness of William T. Haller_” The state argues that the reason given by the trial court is insufficient and not supported by the record.
Defendant responds that the trial court actually departed upward, rather than downward, because of the prosecution’s error in preparing the scoresheet. Defendant argues first that the state multiplied his seven additional first-degree felonies punishable by life by 113, the multiplier for “primary offenses,” rather than by 24, the correct multiplier for “additional offenses.” Second, defendant contends that his 1985 crimes should be scored as “additional offenses” rather than “prior” as scored. In his cross-appeal defendant contends that the written sentence ordered that his two sentences would run consecutively, rather than concurrently.
The state concedes defendant’s point on cross-appeal. It also concedes that the wrong multiplier was used for the crimes *68 for which defendant was being sentenced. It disputes, however, the argument that the 1985 offenses should be scored as “additional.” Moreover, the state contends that the scoresheet improperly scores defendant’s 1985 crimes by treating them as felonies of a lesser degree than they were. The state argues that the degree of the 1985 crimes should be corrected in the scoresheet, from a first-degree felony to a first-degree felony punishable by life in the armed robbery count, and from a third degree felony to a second degree felony in the robbery count. If so scored, the state posits, defendant’s scoresheet would show 543 points and would still call for a life sentence.
With its reply brief the state filed an appendix which includes certified copies of the judgments and sentences for defendant’s 1985 crimes. Defendant, in turn, moved to file a supplemental brief grounded on the state’s introduction of new arguments based on its proffered appendix relating to the nature and degree of the 1985 felonies.
This case illustrates some of the problems in many of the all too frequent appeals on sentencing guidelines cases that come to this court without an adequate exploration of the issues during the sentencing process. As a result we cannot discern from the record whether there has been a departure from the recommended sentence under the guidelines. We realize the additional burden that compliance with the sentencing guidelines imposes on the judicial process and supporting staff of the criminal justice system. Sentencing guidelines procedure, however, requires the close attention of the prosecutor, defense counsel, as well as the trial judge, in order to arrive at proper computation, which is basic to an advised decision by the trial court.
In view of the conceded computation error in defendant’s scoresheet and the need for the trial court to explore the issues presented by the state’s appendix and defendant's motion to file a supplemental brief, we vacate defendant’s sentence. We remand with directions to the trial court to have a new scoresheet prepared and resen-tence defendant.
Should the trial court depart from the sentencing guidelines, departure must be based on clear and convincing reasons, adequately supported by the record. Any departure, of course, would be subject to appeal within thirty days after resentenc-ing.
SCHOONOVER and HALL, JJ., concur.